UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**THUY XUAM PHAM**                                                **CIVIL ACTION**

**VERSUS**                                                        **NO. 22-292**

**UNIDENTIFIED DEA AGENT, ET AL.**                                **SECTION: "M" (5)**

### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Thuy Xuam Pham, against Defendants, two unidentified Drug Enforcement Administration agents. (Rec. Doc. 1, pp. 1, 3). The case was originally filed in the United States District Court for the Western District of Louisiana and subsequently transferred to this Court.

Pham, currently an inmate of the Bayou Correctional Facility, in Tallulah, Louisiana, complains of the circumstances surrounding his arrest by the defendants in Gretna, Louisiana, in Jefferson Parish, on or around February 10, 2020. (*Id.* at pp. 3-5). Plaintiff alleges that he was making a food delivery for Uber Eats when the agents approached and told him to exit the vehicle. The officers threw him to the ground and broke his nose in search of drugs they believed he possessed. (*Id.*). They subsequently called paramedics who treated him before he was transported to Jefferson Parish Correctional Center. He claims the agents searched his house without showing a warrant and evidently found marijuana, but he spent only five hours in jail before he was released from custody with no charges. Plaintiff seeks $12,500 for pain and suffering and lost wages, including reimbursement for reconstructive surgery and for towing and impound costs. (*Id.*).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Rec. doc. 3). A proceeding brought *in forma pauperis* may be dismissed as frivolous under § 1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact,

*Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A(b), 42 U.S.C. § 1997e(c). Liberally construing the complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice as frivolous.

"A district court may *sua sponte* dismiss a complaint as frivolous on statute-of-limitations grounds if it is clear from the face of a complaint that the claims asserted are time-barred." *Brown v. Pool*, 79 F. App'x 15 (5th Cir. 2003) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)). Section 1983 claims and *Bivens* claims against federal actors each have a one-year statute of limitations, the same as that of the forum state's for personal injury actions.[1] *See Board of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 483-84 (1980); *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984) (section 1983 actions are best characterized as personal injury actions), *partially superseded by statute* as stated in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81 (2004); *Smith v. Regional Transit Authority*, 827 F.3d 412, 421 (5th Cir. 2016) ("[t]he statute of limitations for Section 1983 claims is the forum state's personal-injury limitations period, which in Louisiana is one year.") (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998); *Alford v. United States*, 693 F.2d 498 (5th Cir. 1982) (for a *Bivens* action the statute of limitations is based on state law which provides a one-year prescriptive period for personal injury actions); *Adrian v. Selbe*, 364 F. App'x 934, 936 (5th Cir. 2010) (same); *Guthrie v. Becker*, No. 21-0505, 2021 WL 4047451, at *2 (W.D. La. Mar. 9, 2021), *adopted* 2021 WL 4037426 (W.D. La. Sept. 2, 2021) (same).

---

[1] *Bivens*-type claims are based on the assertion that federal agents directly interfered with the constitutional rights of the plaintiff filing the claim. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2

The date on which the claims accrued is a matter of federal law. *Jacobsen*, 133 F.3d at 319. Under federal law, a Section 1983 cause of action accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Id*. The Supreme Court has held that prescription begins to run at the point when "the plaintiff can file suit and obtain relief." *Duplessis v. City of New Orleans*, No. 08-5149, 2009 WL 3460269, at *5 (E.D. La. Oct. 26, 2009) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)) (citing *Jacobsen*, 133 F.3d at 319; *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998)); *accord Dixon v. Cooper*, 260 F. App'x 728, 729 (5th Cir. 2007); *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). "A plaintiff's awareness encompasses two elements: (1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski*, 51 F.3d at 516; *accord Dixon*, 260 F. App'x at 729.

Pham's claims stem from the arrest. His complaint alleges that the incident occurred on February 10, 2020. On this date, the officers purportedly used excessive force causing injury and arrested him for possession of illegal drugs that were never found. He was released by the next day. He obviously was aware of any potential claims against the officers on the date the incident occurred. His complaint was signed and submitted for filing in the United States District Court for the Middle District of Louisiana on January 17, 2022.[2] He filed the complaint almost two years after the alleged incident occurred and eleven months after the applicable limitations period expired on February 10, 2021. His claims against the defendant agents are prescribed. Prescribed claims are properly dismissed as frivolous. *See*,

---

[2] In the prisoner context, the date prison officials receive the complaint from the prisoner for mailing to the court is the time of filing for limitations purposes. *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Pham's complaint was signed and dated January 17, 2022, which is the earliest date appearing in the record on which he could have given the pleadings to prison officials for mailing to the federal district court.

3

*e.g.*, *Brown v. Pool*, 79 F. App'x 15, 17 (5th Cir. 2003); *Gonzales v. Wyatt*, 157 F.3d at 1019-20; *Payton v. Normand*, No. 21-1325, 2022 WL 412720 (E.D. La. Jan. 21, 2022), *adopted* 2022 WL 393628 (E.D. La. Feb. 9, 2022) (Vance, J.) (dismissing Section 1983 complaint under 28 U.S.C. § 1915(e) as legally frivolous because the claims were time-barred).  Although sometimes prescription may be equitably tolled, here Pham was undoubtedly aware of his alleged injuries at the time of occurrence and no grounds for tolling exist. Pham's claims against the defendants should be dismissed with prejudice as frivolous.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Pham's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous because his claims are barred by the applicable one-year statute of limitations.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this  14th  day of _____March_____, 2022.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.